Michael D. REMMERS and Robert Loney, Plaintiffs,

v.

Lou V. BREWER, Warden of the Iowa State Penitentiary, et al., Defendants.

Gary ROBINSON and Robert Daseke, Plaintiffs,

v.

Lou V. BREWER, Warden, Iowa State Penitentiary, and Department of Social Services, Defendants.

Civ. No. 72–177–2.

United States District Court, S. D. Iowa, C. D.

June 12, 1975.

Robert D. Bartels, Barry A. Lindahl and Robert N. Clinton, University of Iowa, College of Law, Iowa City, Iowa, for plaintiffs.

Richard C. Turner, Atty. Gen., and Lorna L. Williams, Sp. Asst. Atty. Gen., Des Moines, Iowa, for defendants.

## ORDER

HANSON, Chief Judge.

The Court addresses this Order to the following motions: plaintiffs' "Motion for Transcript at Government Expense" filed on March 26, 1975, and defendants' "Motion to Reopen and Vacate the Judgment and Dismiss Plaintiffs' Complaint" filed on April 16, 1975. Other motions appear on file in this cause, but are only incidental to the above-mentioned matters. Prior to ruling on the motions, it will be helpful to briefly outline the somewhat unusual progress of this consolidated complaint.

On August 3, 1972, this Court granted leave to proceed in forma pauperis to Fort Madison Penitentiary inmates Michael Remmers and Robert Loney. Accordingly, a *pro se* complaint was ordered filed which alleged that members of the "Church of the New Song" at the Fort Madison Penitentiary were being denied the right to practice their religion, in violation of the First Amendment to the United States Constitution. The Court took jurisdiction over this § 1983 case pursuant to 28 U.S.C. § 1343(3).

On July 24, 1973, this Court ruled that the Church of the New Song "is a religion within the ambit of the First Amendment." 361 F.Supp. 537, 542. Accordingly, it was ordered "that the defendants shall grant to the Church of the New Song members at the Fort Madison Penitentiary the right to exercise their religion equally with (practitioners of) other religions." *Id.* at 544. This ruling was affirmed by the United States Court of Appeals for the Eighth Circuit. *See* 494 F.2d 1277 (8th Cir. 1974), cert. denied, 419 U.S. 1012, 95 S.Ct. 332, 42 L.Ed.2d 286 (1974).

One journey through the United States Court system did not prove to be sufficient, however. On September 3, 1974, plaintiffs Remmers and Loney filed in this Court a "petition for rule to show cause why defendants should not be punished for contempt." The petition challenged the sufficiency of the prison's compliance with this Court's July 24, 1973 Order. Basically, it asserted that New Song inmates in Cellhouse 20, the maximum security unit, were being denied an access to their ministers which was equal to that enjoyed by Catholic and Protestant inhabitants of Cellhouse 20. It was asserted that discrepancies in treatment of inmates in the maximum security unit constituted defiance of this Court's Order regarding recognition of the Church of the New Song.

On September 6, 1974, the *pro se* action of inmates Gary Robinson and Rob-

ert Daseke, two other Cellhouse 20 Eclatarians, was consolidated with the contempt action. These plaintiffs also challenged an alleged unequal religious treatment within the maximum security unit.

A hearing was held in this matter on September 19, 1974. Witnesses included a prisoner who is a Cellhouse 20 Eclatarian, and two New Song ministers. A prison chaplain testified for the defendants.

On February 12, 1975, this Court issued an Order denying the petition for a contempt ruling. The thrust of that Order was that the prison, in general, had taken adequate steps toward recognition of the Church of the New Song. The restrictions on Cellhouse 20 inmates were deemed to be justified by security needs, and insufficient to constitute violations of First Amendment rights.

A motion urging reconsideration of this ruling was denied on March 21, 1975. Plaintiffs filed a notice of appeal from this denial on April 17, 1975.

The relief sought by the current motions can be simply described. Plaintiffs are seeking a free transcript of the contempt hearing to enable them to "effectively" appeal the February 12 Order. The defendants are seeking to reopen (and then dismiss) the entire case, on the basis that the Church of the New Song is not religion.

## PLAINTIFFS' MOTION FOR TRANSCRIPT AT GOVERNMENT EXPENSE

■ Plaintiffs Remmers and Loney were granted leave to proceed in forma pauperis when their action was commenced in 1972. Such leave was also granted to plaintiffs Robinson and Daseke in 1974. When leave to proceed in forma pauperis is originally granted by a trial court, an in forma pauperis appeal can follow as a matter of course, unless the district court certifies that said appeal "is not taken in good faith" or that the party is "otherwise not entitled" to so proceed. Rule 24(a), F.R.

App.Proc. Plaintiffs are presently requesting that they be provided, at government expense, with a transcript of the contempt hearing held on September 19, 1974. Defendants have resisted the motion for a transcript and have sought to convince the Court to withdraw its prior leave to proceed in forma pauperis.

Considering first the plaintiffs' eligibility to proceed in forma pauperis, the Court notes that financial affidavits have recently been filed by plaintiffs Loney, Daseke and Robinson. (Plaintiff Remmers has been released from the Penitentiary.) These new affidavits, prepared in mid-April 1975, clearly show the plaintiffs to be eligible to proceed in forma pauperis. Accordingly, the Court refuses to rescind its prior permission to so proceed.

> Title 28 U.S.C. § 753 provides that
>
> [f]ees for transcripts furnished in [civil] proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge . . . certifies that the appeal is not frivolous (but presents a substantial question.)

It is the Court's conclusion that the plaintiffs have satisfied the standard of § 753.

The Court has reached this conclusion somewhat reluctantly, for it does not deem that plaintiffs' assertion that the Cellhouse 20 policies constitute contempt of the original *Remmers* Order has much merit. However, plaintiffs base their claim to a great extent on an allegation that this Court's Order denying the contempt petition misconstrued the factual record of the hearing. Without the benefit of a transcript on appeal, such a contention would be impossible to present.

As the United States Court of Appeals for the District of Columbia has noted:

> We realize that in many cases it will be difficult for the court and the litigants to discern whether substantial questions really are presented unless the complete record is available for their inspection. Judge Learned Hand noted the dilemma: "We are of course aware that a thorough decision whether there was a substantial question would depend upon a scrutiny of the whole record; so that, speaking literally, we could not adequately decide the motion until after we had granted it." We do expect, however, that judges will be careful to avoid this dilemma in ruling on these motions for transcripts. Doubts about substantiality of the questions on appeal and the need for a transcript to explore them should be resolved in favor of the petitioner. In like manner we expect that the judges will give due consideration to motions for transcripts in cases where the law appears to be settled, but where the appellant is able to show that his chances of changing the law on appeal are strong. Lee v. Habib, 137 U.S.App. D.C. 403, 424 F.2d 891, 904–05 (1970) (Footnotes omitted).

Thus, while the Court deems that plaintiffs' chances of success in contesting the contempt order are somewhat slim, it deems that the plaintiffs' view of an alleged conflict between the Court's treatment of the evidence and the evidence as presented justifies the preparation of a transcript at government expense for the appeal.

## DEFENDANTS' MOTION TO RE-OPEN AND VACATE JUDGMENT

█ In the Order recognizing the Church of the New Song as a religion, this Court gave the following caveat:

> The Court is well aware of the possibility that the Church of the New Song may be only a sham religion created to serve as a convenient vehicle for the presentation of political claims. But the as yet unsubstantiated anxieties of this Court cannot jus-

tify the possible suffocation of religious freedoms. If the Church of the New Song should prove to be a hoax and front that the State claims it is, that eventuality can be dealt with by both the prison administration and this Court. 361 F.Supp. 537–542.

Using this language as a wedge, defendants have sought to inject another issue into this multifaceted litigation. Specifically, defendants have provided the Court with recent United States District Court rulings from Texas and Illinois which hold that the Church of the New Song is not a "religion" within the scope of the First Amendment. *See* Theriault v. Silber, 391 F.Supp. 578 (W. D.Tex.1975); Theriault v. Establishment of Religion on Taxpayers' Money, CV 70–186–D (E.D.Ill.1975). Further, defendants have presented the Court with a list of factual allegations which purport to show that the Church of the New Song at the Fort Madison Penitentiary is primarily a front for political purposes, rather than a religion. The Court has studied both the cases and the factual allegations of the defendants, and deems that they are insufficient to justify a reopening of this case to reconsider prior rulings.

Regarding the two district court opinions, this Court does not feel that a purportedly contrary view of the law by other tribunals of equal standing mandates a reconsideration of its prior Orders. Further, the Theriault cases may possibly be appealed, and thus might not even constitute the "final word" on the issue in their respective jurisdictions. The *Remmers* Order of July 24, 1974 has been affirmed by the Eighth Circuit, and constitutes the law of this case. It will not be overturned solely on the basis of "inconsistent" rulings by other district courts.

More to the point are the allegations relating to the factual situation at Fort Madison. This Court did indicate that a reconsideration of its July 24 Order might be appropriate if later facts would reveal the Church of the New Song to be a hoax. The Court has reviewed defendants' allegations in this regard, however, and deems that a reconsideration is not justified.

The "facts" on which defendants assert that the Church of the New Song is a hoax and sham are vague and inconclusive. More importantly, defendants have clearly *not* shown the type of New Song-instigated problems which played a crucial role in the rulings of the Texas and Illinois federal courts.

The sincerity of one's religious beliefs is difficult, if not impossible, to ascertain. Thus, the Court is reluctant to treat isolated, out-of-context statements of Eclatarians as indicators of the sincerity of their beliefs.

Viewed as a whole, defendants' support for a reconsideration of this Court's prior Order is simply inadequate to justify a reopening of the case and a vacating of prior Orders. Therefore, the motions will be overruled, and this Court's prior Orders will stand.

Accordingly, it is ordered that defendants' motion to reopen and vacate judgment in this case is hereby overruled.

It is further ordered and certified that plaintiffs' appeal in this case presents a substantial question justifying the preparation of a transcript of the September 19, 1974 hearing held in this case.

It is further ordered that the United States shall incur the costs of preparation of said transcript.

It is further ordered that all other motions in this case are overruled.